


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THE AMERICAN INSURANCE COMPANY — PLAINTIFF

VS. — CIVIL ACTION NO. 3:07cv746 HTW-LRA

C.E. FRAZIER CONSTRUCTION COMPANY,
PRYOR & FRAZIER CONSTRUCTION COMPANY,
AUSTIN FRAZIER, PHYLLIS E. FRAZIER,
C.E. FRAZIER, JR., CLAIBORNE FRAZIER and
FRAZIER DEVELOPMENT, LLC. — DEFENDANTS

## COMPLAINT

COMES NOW The American Insurance Company ("American") by and through counsel and files this its complaint against C.E. Frazier Construction Company, Pryor & Frazier Construction Company, C.E. Frazier, Jr. Austin Frazier, Phyllis E. Frazier, Claiborne Frazier and Frazier Development, LLC. ("Indemnitors"), and would show as follows:

1. American is a corporation organized under laws of the State of New Jersey and redomesticated to the State of Nebraska with its principal place of business in California, whose address is 777 San Marin Drive, Novato, CA 94998.

2. C.E. Frazier Construction Company is a Mississippi Business Corporation organized and incorporated under the laws of the State of Mississippi with its principal

place of business in Madison County, Mississippi, and may be served with process by serving its registered agent C.E. Frazier, Jr. at his residence, 430 St. Andrews Drive, Jackson, MS 39211.

3. Pryor & Frazier Construction Company is a Mississippi Business Corporation organized and incorporated under the laws of the State of Mississippi with its principal place of business in Madison County, Mississippi, and may be served with process by serving its registered agent C.E. Frazier, Jr. at 430 St. Andrews Drive, Jackson, Mississippi 39211.

4. Upon information and belief, C.E. Frazier, Jr. is an adult resident citizen of Hinds County, State of Mississippi and may be personally served with process at his residence at 430 St. Andrews Drive, Jackson, Mississippi 39211.

5. Upon information and belief, Austin Frazier is a resident citizen of Madison County, State of Mississippi and may be personally served with process at his residence at 633 Wendover Way, Ridgeland, Mississippi 39157.

6. Upon information and belief, Phyllis E. Frazier is a resident citizen of Hinds County, State of Mississippi and may be personally served with process at her residence at 430 St. Andrews Drive, Jackson, Mississippi 39211.

7. Upon information and belief, Claiborne Frazier is a resident of Madison

County, State of Mississippi and may be personally served with process at his residence at 144 Overlook Pointe Drive, Ridgeland, Mississippi 39157.

8. Upon information and belief Frazier Development, LLC is a limited liability company doing business in Madison County, Mississippi and may be served with process by service on its Managing Member, Clinton Frazier at 144 Overlook Point Drive, Ridgeland, Mississippi 39157.

9. The Plaintiff for jurisdictional purposes is a citizen of the State of California and all of the defendants are citizens of the State of Mississippi. The matter in controversy exceeds exclusive of interest and costs the same specified by 28 USC § 1332.

10. C.E. Frazier Construction Company and Pryor & Frazier Construction Company are contractors in the business of performing construction work within and around the State of Mississippi.

11. C.E. Frazier, Austin Frazier, Phyllis E. Frazier, and Claiborne Frazier are officers and/or directors and/or shareholders and/or incorporators of C.E. Frazier Construction Company and Pryor & Frazier Construction Company.

12. American is a surety company licensed to conduct the business of issuing surety bonds in the State of Mississippi.

13. In order to induce American to stand as surety for C.E. Frazier Construction Company and Pryor & Frazier Construction Company, the said corporations on or about September 21, 2001, along with C.E. Frazier Jr., Austin Frazier, Phyllis E. Frazier, Claiborne Frazier, and Frazier Development, LLC. as indemnitors executed a General Indemnity Agreement ("Indemnity Agreement") in favor of American. A true and correct copy of the Indemnity Agreement is attached as Exhibit "A" and made a part hereof as if copied herein in full.

14. Under the Indemnity Agreement, Defendants agreed to the following indemnification provisions:

> [I]n consideration of the premises and of the execution and continuation of the Bonds, the Principal and the other Indemnitors for themselves, their heirs, executors, administrators, successors and assigns, do hereby jointly and severally covenant and agree with the Surety, its successors and assigns, as follows:
>
> * * *
>
> The Indemnitors shall indemnify the Surety against any and all liability, loss, costs, damages, attorneys fees and other expenses which the Surety may sustain or incur by reason of or in connection with the execution, renewal, continuation or replacement of the Bonds, including but not limited to (i) sums paid or liabilities incurred in connection with the Bonds or claims, suits or judgments under the Bonds, (ii) expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure the Surety's release from liability and (iii) expenses paid or incurred in recovering or attempting to recover losses or expenses paid

or incurred. The Indemnitors shall indemnify the Surety against any and all liability, loss, damages, attorneys fees and other expenses which the Surety may sustain or incur from relying upon representations made by the Indemnitors regarding defenses to claims made against any Bond that may be available to the Principal or the Surety.

* * *

The Surety shall have the exclusive right to determine whether any claim, liability, suit or judgment made or brought against the Surety or the Indemnitors or any one of them on any Bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, and the Surety's decision thereon, if made in good faith, shall be final and binding upon the Indemnitors. The Surety shall also have the right to prepay the obligee on any Bond any amounts which the Surety, in good faith but in its sole and absolute discretion, (i) determines may become ultimately due on any Bond or (ii) deems may be necessary or advisable to protect any of the Surety's rights hereunder, even though a claim, suit or judgment has not yet been made or brought against the Surety on such Bond. An itemized statement of payments made by the Surety for any of the purposes specified in this Agreement, sworn to by an officer of the Surety, or a voucher or vouchers for such payments, shall be prima facie evidence of the liability of the Indemnitors under this Section 2.

* * *

Without limiting the Surety's exclusive right with respect thereto, if the Indemnitors desire that a claim or demand against the Surety be resisted and litigated, the Indemnitors shall satisfy any conditions specified by the Surety, including without limitation, any conditions for the Indemnitors to (i) give notice to the Surety to this effect, (ii) simultaneously deposit with the Surety, at the Surety's option, cash or collateral satisfactory to the Surety in an amount sufficient to cover the claim or demand and interest

> thereon to the probable date of disposition and (iii) at the Surety's option, either deposit simultaneously with the Surety cash or collateral satisfactory to the Surety in an amount sufficient to cover the expenses and fees of defense, or take over the resistance and litigation of the claim.
>
> * * *
>
> The Indemnitors shall, at any time upon the request of the Surety, procure the discharge of the Surety from any Bond and from all liability by reason thereof.

General Indemnity Agreement, at ¶ 2.

## THE PROJECTS AND THE CLAIMS
## LANDSCAPE ARCHITECT BUILDING MISSISSIPPI STATE UNIVERSITY

15. Pryor & Frazier Construction Company, Inc. entered into a Construction Contract with the Bureau of Building, Land & Real Property Management for the construction of the Landscape Architect Building at Mississippi State University in Starkville, Mississippi, a copy of which is attached hereto as Exhibit "B" and made a part hereof as if copied herein in full (The plans, specifications and drawings are not attached but will be obtained later if they are needed.)

16. Pursuant to, and in reliance on the Indemnity Agreement, (Exhibit "A"), American as Surety, issued a Performance and Payment Bond (the "Bond") A copy of the Bond is attached hereto as Exhibit "C" and is made a part hereof as if copied herein in full.

17. Pryor & Frazier entered into a subcontract with Buford Plumbing

Company for work on the project.

18. There was an unpaid balance for work performed by Buford that the Principal had agreed to pay. A copy of a letter dated October 27, 2004 from Austin Frazier to Buford Plumbing Company is attached hereto as Exhibit "D" and is made a part hereof as if copied herein in full.

19. American received a payment bond claim from Buford Plumbing Company, Inc., under the Bond, and a Proof of Loss was submitted by Buford Plumbing Company dated November 1, 2005, a copy of which is attached hereto as Exhibit "E" and is made a part hereof as if copied herein in full.

20. That on or about December 12, 2005 a letter was sent to the Defendants by the Plaintiff demanding that the Plaintiff be placed in funds to respond to the Buford Plumbing Company claim. The letter is attached hereto as Exhibit "F" and made a part hereof as if copied herein in full.

21. The Plaintiff did not receive any written response from the Defendants to its December 12, 2005 letter (Exhibit "F"). The Plaintiff proceeded to pay the claim to Buford Plumbing Company and received a Release and Settlement Agreement from Buford Plumbing Company, a copy of which is attached hereto as Exhibit "G" and made a part hereof as if copied herein in full. A copy of the check payable to Buford Plumbing Company, Inc. is attached hereto as Exhibit "H" and made a part hereof as if copied

herein in full.

MISSISSIPPI STATE TAX COMMISSION CLAIMS ON FIVE PROJECTS

22. The Plaintiff, for and on behalf of Prior & Frazier Construction Company, Inc. Issued as surety five Tax Rider Bonds on Projects which it issued Performance and Payment bonds for Prior & Frazier Construction Company, Inc. The Projects upon which these bonds were written are as follows:

(1) Tax Rider Bond JB131575-53 Montgomery Hall Renovations Mississippi State University;

(2) Tax Rider Bond JB133271-44 - Parkinson Hall Renovations, Mississippi State University for Women;

(3) Tax Rider Bond JB120795-41-Tupelo High School Additions and Renovations;

(4) Tax Rider Bond JB133041-73 - New Albany Elementary School; and

(5) Tax Rider Bond JB129680-17 - DeSoto County Schools, New Center Hill Elementary School.

Copies of the Tax Rider Bonds are attached hereto and made a part hereof as exhibits "I", "J", "K", "L" and "M" and made a part hereof as if copied herein in full.

23. That the Plaintiff received from the Mississippi State Tax Commission a demand letter demanding payment in the amount of $64,645.00 for payment under the

aforesaid Tax Rider Bonds. A copy of the letter is attached hereto as Exhibit "N" and made a part hereof as if copied herein in full.

24. The Plaintiff has communicated with both the Mississippi State Tax Commission and the Defendants concerning these tax claims but has received no information or cooperation from the Defendants or the Tax Commission. There remains these claims which the Plaintiff may be forced to pay. The Plaintiff contest the penalty and interest portions of these claims.

25. That the Defendants are indebted to the Plaintiff, jointly and severally for whatever amount is found to be due under the Tax Rider Bonds

COUNT I - INDEMNIFICATION

26. American re-alleges each of the allegations in paragraphs 1 through 25.

27. Defendants are liable, jointly and severally, to American under the Indemnity Agreement for all losses, including costs, expenses, and attorneys' fees, incurred by American in investigating, defending, and/or resolving the Buford Plumbing Company claim and the Mississippi State Tax Commission Claims.

COUNT II - ATTORNEYS' FEES AND COSTS

28. American re-alleges each of the allegations of paragraphs 1 through 27 above.

29. Pursuant to the Indemnity Agreement, the Defendants are also liable jointly and severally to American for all attorneys' fees, costs, and expenses incurred in

connection with this action to enforce their indemnity obligations under the Indemnity Agreement.

WHEREFORE, The American Insurance Company prays that, after due proceedings are had:

(1) There be judgment in its favor and against the Defendants, jointly and severally for all losses, including costs, expenses and attorneys' fees, incurred by The American Insurance Company in investigating, defending, and/or resolving the Buford Plumbing Company claim under the Bond issued on the Project and the Tax Rider Bond and/or by reason of having executed said Bond or the Tax Rider Bonds; and

(2) There be judgment in its favor, and against the Defendants, jointly and severally, for all attorneys' fees, costs and expenses incurred by The American Insurance Company in enforcing the Defendants' indemnity obligations; and for prejudgment interest on the indebtness from and after January 19, 2006.

(3) For such additional relief as this Court may deem just and proper.

Respectfully submitted,

THE AMERICAN INSURANCE COMPANY

By:______________________________
Kenneth G. Perry, Esq. [MSB 4134]

By:______________________________
Lamar Watts, Esq. [MSB 100856]

Dated: December 20, 2007.

Kenneth G. Perry, Esq. [MSB #4134]
Lamar Watts, Esq. [MSB #100856]
SHELL, BUFORD, PLLC
P.O. Box 157
Jackson, MS 39205-0157
Telephone: (601) 932-4118
Facsimile: (601) 932-4860
E-mail: shellbuford@shellbuford.com
*ATTORNEYS FOR PLAINTIFF*
*THE AMERICAN INSURANCE COMPANY*